UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, On Behalf of Herself and Other Similarly Situated Plaintiffs, | § § § | |
| vs. | § § | Case No. _____ |
| A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS HOUSTON, W.L. YORK, INC. d/b/a THE COVER GIRLS, SPLENDOR GENTLEMENS CLUB, SOLID PLATINUM CABARET, ALI DAVARI, HASSAN DAVARI | § § § § § § § | JURY TRIAL DEMAND |

## **PLAINIFFS' ORIGINAL COMPLAINT**

Plaintiff CHANEL E.M. NICHOLSON, individually and on behalf of all other African-American dancers/entertainers with the same or similar claims, alleges the following upon information and belief, based upon published documents, reports and personal knowledge.

I. NATURE OF THE ACTION

1. Plaintiff alleges causes of action through violations of 42 U.S.C. § 1981 against Defendants A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS HOUSTON, W.L. YORK, INC. d/b/a THE COVER GIRLS, SPLENDOR GENTLEMENS CLUB, SOLID PLATINUM CABARET (collectively, "Defendant Clubs"), and individuals ALI DAVARI and HASSAN DAVARI (referred to as "Individual Defendants", and with Defendant Clubs, collectively as "Defendants") for damages resulting from Defendants' refusal to hire, unwarranted termination, unwarranted reduction in working hours, and other acts of intentional employment discrimination against Plaintiff and other African-American entertainers at the Defendant Clubs.

2. Individual Defendants own and operate a number of Gentlemen's Clubs featuring female entertainers, including all the Defendant Clubs. The causes of action arise from Defendants' willful and intentional actions: (A) in reducing her working hours while Plaintiff Nicholson was employed by: (i) Defendant W.L. YORK, INC. d/b/a THE COVER GIRLS between about August 2017 and October 2017, and (ii) Defendant SOLID PLATINUM CABARET between about October 2017 and March 2018; and (B) (i) when Plaintiff was refused employment by Defendant A.H.D.

HOUSTON, INC. d/b/a CENTERFOLDS HOUSTON, when she applied on June 24, 2021, and (ii) by SPLENDOR GENTLEMENS CLUB when she applied on August 11, 2021. All acts of reducing Plaintiff's hours and refusing her employment resulted directly from Defendants' policy of limiting the total number of African-American entertainers working the same shift at the same venue; while no corresponding limitations were applied to Caucasian entertainers (hereinafter referred to as "Defendants' Racist Policy").

3. Defendants' Racist Policy violates 42 U.S.C. § 1981 because it violates Plaintiff's right as an African- American to have employment to the same extent "as is enjoyed by white citizens."

4. Plaintiff brings a class action to recover: (i) the monies she and other African-American entertainers would have received but instead who, under Defendants' Racist Policy, were terminated, denied employment by Defendants or had their working hours at Defendant Clubs reduced; (ii) pre- and post-judgment interest on such monies; (iii) punitive damages, and (iv) attorneys' fees. Members of the class are hereinafter referred to as "African-American Class Members."

II. PARTIES

5. Plaintiff was at all relevant times and is a resident of Harris County, Texas. Plaintiff was an employee (not an independent contractor) of Defendant W.L. YORK, INC. d/b/a THE COVER GIRLS and of Defendant SOLID PLATINUM CABARET. Plaintiff applied for employment and was a prospective employee (not a prospective independent contractor) of A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS HOUSTON and of SPLENDOR GENTLEMENS CLUB.

6. The African-American Class Members are all current and former female African-American entertainers who worked at Defendant Clubs and were terminated, had their working hours reduced, or who were denied employment at Defendant Clubs, under Defendants' Racist Policy; starting four (4) years before this Complaint was filed, up to the present.

7. Defendant A.H.D. HOUSTON, INC. is a Texas for-profit corporation doing business as Centerfolds Houston in Houston, Texas at 6166 Richmond Avenue, Houston, Texas 77057, and may be served via its registered agent, Albert T. Van Huff, 1225 North Loop West, Suite 640, Houston, Texas 77008.

8. Defendant W.L. YORK, INC. is a Texas for-profit corporation doing business as THE COVER GIRLS at 10310 W. Little York, P.O. Box 570413, Houston, Texas 77257, and may be served via its registered agent, Albert T. Van Huff, 1225 North Loop West, Suite 640, Houston, Texas 77008.

9. Defendant SPLENDOR GENTLEMENS CLUB has its principal place of business at 7440 W Greens Rd, Houston, Texas 77064, and may be served through either of its owners, who are the Individual Defendants.

10. Defendant SOLID PLATINUM CABARET had its principal place of business at 2732 W T C Jester Blvd., Houston Texas 77018. It is now closed. It may be served through either of its owners, who are the Individual Defendants.

11. Defendant ALI DAVARI is the president and a director of Defendants W.L. YORK, INC. and A.H.D. HOUSTON, INC., and is an owner of Defendant SPLENDOR GENTLEMENS CLUB and Defendant SOLID PLATINUM CABARET, and may be served at his residence at 12 Rivercrest Drive, Houston, Texas 77042.

12. Defendant HASSAN DAVARI is the vice president and a director of Defendants W.L. YORK, INC. and A.H.D. HOUSTON, INC., and is an owner of Defendant SPLENDOR GENTLEMENS CLUB and Defendant SOLID PLATINUM CABARET, and may be served at his residence at 21 E. Rivercrest Drive, Houston, Texas 77042.

13. Individual Defendants and exerted operational and management control over Defendant Clubs, and were frequently present at, directed, controlled and managed all operations and day-to-day affairs at Defendant Clubs, including hiring, firing or reducing working hours of employees, and otherwise executing Defendants' Racist Policy.

14. Individual Defendants were acting as employers at Defendant Clubs and were the alter egos of the corporate entities purporting to own and operate the Defendant Clubs, and are therefore personally liable for actions of the Defendant Clubs, including for executing Defendants' Racist Policy.

III. VENUE AND JURSIDICTION

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1981.

16. Venue is proper in this District because all Defendants are located in Harris County, as is Plaintiff.

IV. FACTS

17. As above, Plaintiff was employed by Defendant W.L. YORK, INC. d/b/a THE COVER GIRLS between about August 2017 and October 2017, and by Defendant SOLID PLATINUM CABARET between about October 2017 and March 2018.

18. Plaintiff was also employed by Defendant A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS HOUSTON for several years but before the statutory period. Recently, Plaintiff sought to revive her career as an entertainer and entered CENTERFOLDS HOUSTON on June 24, 2021 during business hours and requested employment, but was told they were not hiring.

19. Plaintiff was also employed by Defendant SPLENDOR GENTLEMENS CLUB for a total of about four (4) years but before the statutory period. In attempting to revive her career as an entertainer, she entered SPLENDOR GENTLEMENS CLUB on August 11, 2021 during business hours and requested employment, but was told they were not hiring.

20. Plaintiff typically was scheduled by the respective Defendant Club to work and did work about up to seven shifts per week and six hours per shift during her employment at A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS HOUSTON and at SPLENDOR GENTLEMENS CLUB. At W.L. YORK, INC. d/b/a THE COVER GIRLS Plaintiff typically was scheduled to and worked four (4) shifts per week and seven (7) hours per shift during her employment there. At SOLID PLATINUM CABARET Plaintiff typically was scheduled to and worked up to six (6) shifts per week and seven (7) hours per shift during her employment there.

21. Notwithstanding any particular Defendant Club's schedule, at each Defendant Club, on at least several occasions, the following took place. Plaintiff would arrive for her scheduled shift at a Defendant Club, after having fully made-up, coiffed, painted her nails and/or applied extensions, shaved and perfumed her entire skin surface, and prepared her clothing so as to be able to remove it attractively and appropriately while entertaining, only to be told by one or more of Defendant Club's acting managers that there were already "too many black girls" working; and that she could not work her shift.

22. At W.L. YORK, INC. d/b/a THE COVER GIRLS Plaintiff was told after having worked there for about three months that she could not perform because of Defendants' Racist Policy. Her employment there was terminated.

23. Plaintiff's income was solely based on charging customers for an individual performance (or table dance) and tips. So in all instances where Plaintiff could not perform (was denied a shift), she received no income.

24. Defendants set prices Plaintiff and other entertainers charged for each performance for a customer, would charge Plaintiff and other entertainers a late fee if they do not arrive for a shift on time, and had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dress, performance and sharing of income with other employees in the Defendant Club. Plaintiff had been fired by A.H.D. HOUSTON, INC. d/b/a CENTERFOLDS HOUSTON for not sharing enough of her income with particular employees at that venue.

25. Plaintiff and other entertainers clearly were employees and not independent contractors (as Defendants designated them) for the reasons in paragraphs 13 and 14 and further because: Defendants provided and maintained the venue needed for the entertainers to perform; required entertainers to clock in and out of the venue; apply fines/fees to the entertainers if they failed to follow Defendants' guidelines or directions; and, hired all employees at each venue, including bartenders, waitresses, DJ's, security personnel, managers, and all entertainers.

26. The position of entertainer requires no formal education, degree, certification or license. The amount of skill required is akin to that of an employee rather than an independent contractor.

27. Upon information and belief, more than one hundred (100) female African-American entertainers who have been employed have been denied scheduled shifts, have been terminated, and others have been refused employment at the Defendant Clubs under Defendants' Racist Policy during the four (4) years prior to the filing of this action.

28. Plaintiffs' experience under Defendants' Racist Policy is similar to that of other African-American entertainers at Defendant Clubs, who have the same claims as Plaintiff, and Plaintiff can therefore adequately represent the interests of the class.

29. As such, Plaintiff brings her claims as a class action on behalf of the African-American Class Members.

## V. CAUSES OF ACTION

30. The effect of Defendants' Racist Policy has been to deprive Plaintiff and other prospective, current and former African-American female entertainers at Defendant Clubs, as a class, of the same employment treatment as Caucasian female entertainers: who were not subject to any numerical limitation at any Defendant Club based on their race. As such, Defendants' execution of Defendants' Racist Policy is in violation of 42 U.S.C. § 1981.

31. The unlawful employment practices enacted under Defendants' Racist Policy were intentional and when they are established at trial, make punitive damages appropriate as they provide an exemplary penalty for Defendants' intentional and outrageous conduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

32. Immediately grant a preliminary injunction (upon motion by Plaintiff) enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from continuing Defendants' Racist Policy or otherwise executing employment practices which discriminate on the basis of race;

33. Order Defendants to make whole Plaintiff and the class members by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

34. Order the reinstatement of Plaintiff and the class members as entertainers, or award them front pay in the amounts to be determined at trial if reinstatement is impractical;

35. Order Defendants to make Plaintiff and the class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 17-23, including, but not limited to, out-of-pocket expenses such as job search expenses in amounts to be determined at trial;

36. Order Defendants to make Plaintiff and the class members whole by paying compensatory damages for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses they suffered as a result of Defendants' Racist Policy and the unlawful employment practices described in paragraphs 17-23 above, in amounts to be determined at trial;

37. Award punitive damages to Plaintiff and the class members for Defendants' intentional and malicious conduct described in paragraphs 17-23 above, in amounts to be determined at trial;

38. Award Attorneys' fees and costs associated with this action;

39. Award pre-judgment and post-judgment interest on all amounts recovered as permitted by law; and

40. Grant such further relief as the Court deems necessary and proper in the public interest.

VII. JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

By: /s/*Eric P. Mirabel   8/12/2021*
Eric P. Mirabel
Texas State Bar No. 14199560
Southern District ID No. 9708
eric@emirabel.com
3783 Darcus St.
Houston, Texas 77005
Tel:  281 772-3794
Fax: 713 667 4234