United States District Court
Southern District of Texas
**ENTERED**
September 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL E.M. NICHOLSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-02624 |
| | § | |
| A.H.D. HOUSTON, INC. d/b/a | § | |
| CENTERFOLDS, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## ORDER

Pending before the Court is Plaintiff's motion for preliminary injunction (Doc. No. 19) against Defendants A.H.D. Houston, Inc., d/b/a Centerfolds ("Centerfolds"), W.L. York, Inc., d/b/a Cover Girls ("Cover Girls"), D WG FM, Inc. d/b/a Splendor ("Splendor"), and Ali Davari and Hassan Davari. ("Individual Defendants"). Defendants filed a response in opposition (Doc. No. 24) and Plaintiff replied. (Doc. No. 28). Having considered Plaintiff's motion, the parties' briefs, and the applicable law, the Court hereby **DENIES** Plaintiff's motion for preliminary injunction.

### I. Background

Plaintiff's motion for preliminary injunction can basically be separated into two parts. (Doc. No. 19 at 1). First, she asks the Court to enjoin Defendants from requiring all dancers from entering into agreements similar to the License and Access Agreement Plaintiff signed with all three clubs. (*Id.* at 10). Second, she asks the Court to enjoin Defendants Centerfolds, Cover Girls, and Splendor from limiting the number of Black or Brown dancers on the premises at the same time. (*Id.* at 6).

1

Plaintiff filed this motion on October 5, 2021. (*Id.*). Defendants responded (Doc. No. 24) and Plaintiff replied. (Doc. No. 28). During the hearing on the motion to dismiss, the Court issued an Order deferring a ruling on Plaintiff's motion for preliminary injunction until a further hearing took place. (Doc. No. 44). Since that initial hearing, however, Plaintiff has submitted her Third Amended Complaint (Doc. No. 47), which included much more information about her claims, and also the License and Access Agreements that Plaintiff, and presumably other dancers, signed with Centerfolds, Splendor, and Cover Girls. (Doc Nos. 47-1, 47-2, 47-3). Defendants responded to the Third Amended Complaint (Doc. No. 48) and Plaintiff replied. (Doc. No. 49). After reviewing these new filings, the Court does not believe a further hearing is necessary to rule on Plaintiff's motion for preliminary injunction.

## II. Legal Standard

A preliminary injunction is an extraordinary remedy that should only be granted if the movant has clearly carried the burden of persuasion on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant need not prove its entire case. *Lakedreams v. Taylor*, 832 F.2d 1103, 1109 (5th Cir. 1991). To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018).

When determining the likelihood of success on the merits, the court looks to the standards of the substantive law. *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). Although the Fifth Circuit has not weighed in directly on the exact burden of persuasion on the movant when

determining if there is a "substantial likelihood of success," prior opinions provide clarification on the standard. To prevail on a motion for preliminary injunction, the movant's likelihood of success must be more than negligible and "should not be granted unless the question presented by the litigant is free from doubt." *Congress of Racial Equality v. Douglas*, 318 F.2d 95, 97 (5th Cir.), *cert. denied*, 375 U.S. 829 (1963). Furthermore, "it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, and difficult and doubtful, as to make them a fair ground for litigation and thus a more deliberate ground for litigation. However, this must be taken in the context that a preliminary injunction is an extraordinary remedy and should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party." *Sebastian v. Texas Department of Corrections*, 541 F.Supp. 970, 975 (S.D. Tex. 1982) (internal citations and quotation marks omitted).

### III. Analysis

#### A. License and Access Agreement Claims

In Plaintiff's motion for preliminary injunction, she asks this Court to "enjoin all Defendant Clubs from requiring dancers to enter a License and Access Agreement" because multiple provisions within the agreements are allegedly unconscionable. (Doc. No. 19 at 10). Simply put, it is questionable whether Plaintiff has standing to sue Defendants for how they contract with others.[1] Moreover, this Court has found that her contract claims against Centerfolds and Splendor were barred by limitations.

The one remaining contract claim is against Cover Girls. This Court found the pleadings against Cover Girls, taken as true, supported the contention that her breach of contract claim would

---

[1] Although Plaintiff has mentioned bringing this suit on behalf of a class in her pleadings and motion for preliminary injunction, she has yet to file a motion requesting that this Court certify a class action. Furthermore, based on the facts as currently portrayed to the Court, it is highly unlikely that Plaintiff could represent such a class given her unique employment history. (Doc. No. 47).

3

not be barred by the statute of limitations. Nevertheless, virtually all of Plaintiff's allegations of unconscionability, involve provisions contained within the arbitration clause of the Cover Girl agreement. (Doc. No. 47-3 at 13). During the previous hearing, the parties, in open court, explicitly waived enforcement of the arbitration provisions. Given that the arbitration provisions are thus inapplicable here, Plaintiff's claims in this regard are moot. The only other provisions raised are the indemnity provisions that are clearly inapplicable here. *Baugh v. A.H.D. Houston, Inc.*, 2020 WL 2771251 (S.D. Tex. 2020). Therefore, Plaintiff, as an individual, lacks the requisite standing necessary to challenge the provisions concerning the arbitration clauses contained in other contracts between other parties.

Given these circumstances, Plaintiff is, in effect, asking this Court to issue an advisory opinion on the conscionability and enforceability of provisions of contracts to which she is not a party and that are not at issue in this case. Federal courts are expressly prohibited from issuing advisory opinions. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *Tectrans, Inc. v. New Orleans Aviation Bd.*, 695 F.Supp.2d 313, 318 (E.D. La. 2010).

Moreover, as discussed previously, Plaintiff wants this Court to enjoin Defendants from requesting other dancers to sign the very contract by which she is now seeking relief.

B. <u>Section 1981 Discrimination Claims</u>

After reviewing Plaintiff's Third Amended Complaint and the arguments supplied in her motion for preliminary injunction on the viability of her § 1981 causes of action, the Court is unconvinced that Plaintiff is likely to succeed on the merits or suffer irreparable harm if an injunction is not granted.

First, Plaintiff's § 1981 claims against Centerfolds and Splendor prior to 2016 and at least some of her § 1981 claims against Cover Girls are time barred and have been dismissed by this

4

Court. (Doc. No. 51 at 9). Second, although timely, Plaintiff's § 1981 failure to hire claims against Centerfolds from 2021 was dismissed by this Court for failure to state a claim under Rule 12(b)(6). (*Id.* at 11). In those claims, Plaintiff failed to plead sufficient facts that race was the "but-for" cause of the clubs' failure to hire her. (*Id.*). Similarly, this Court dismissed Plaintiff's § 1981 claims against Individual Defendants Ali Davari and Hassan Davari for failure to state a claim under 12(b)(6). (*Id.* at 21). Third, Plaintiff may argue that her claim against Splendor for a failure to hire in 2021 has a likelihood of success on the merits because it survived Defendants' Fourth Motion to Dismiss. (*Id.* at 11). This claim, however, only survives because it is not barred by the statute of limitations and because Splendor did not move for dismissal under 12(b)(6) in the Defendants' Fourth Motion to Dismiss. (Doc. No. 48 at 16). Arguably, this issue would be subject to the same ruling. (*Id.*). Lastly, though Plaintiff's § 1981 claim against Cover Girls contends she was "barred" in late November 2017 survives the motion to dismiss on the statute of limitations grounds, this Court finds that it is unlikely that Plaintiff will be successful in proving that race was the but-for cause of her being "barred." It may be that Cover Girls discriminated against Plaintiff. But it is "equally plausible" that Cover Girls simply chose to terminate their relationship with Plaintiff, which they were permitted to do based on their agreement, "for any reason, or for no reason at all." (Doc. No. 47-3); *see also Nerium Skincare, Inc. v. Neriu International, LLC*, 2017 WL 10152284 at *5 (N.D. Tex. 2017).

This Court also finds Plaintiff's scant arguments concerning irreparable injury to be less than convincing. Defendants contend in their response, "Plaintiff must show that *she* is likely to suffer irreparable injury, which she has completely failed to do." (Doc. No. 24 at 13). Furthermore, Defendants argue that Plaintiff cannot claim she has suffered an irreparable injury in a situation where monetary damages have been found to be an adequate remedy at law. (*Id.*). Plaintiff only

points to the "difficulty" of ascertaining her monetary loss. (Doc. No. 19 at 4). To the extent Plaintiff has alleged that she has experienced or is presently experiencing damage, Plaintiff still fails to allege that her injury is one where monetary damages would be an inadequate remedy at law.

In her motion for injunctive relief, Plaintiff incorrectly relies on *Middleton-Keirn v. Stone*, 655 F.2d 609, 611 (5th Cir. 1981) and claims that the Fifth Circuit does not require a showing of irreparable harm in discrimination cases. (Doc. No. 19 at 9). In *Middleton-Keirn*, the court explicitly noted that it was determining whether *state* employees in Title VII employment discrimination claims must prove irreparable injury to warrant issuance of a preliminary injunction. *Middleton-Keirn*, 655 F.2d at 610. There is no Fifth Circuit authority that generally eliminates the irreparable injury requirement for all § 1981 plaintiffs. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). The Fifth Circuit has held that irreparable harm does not need to be proven only when injunctive relief is sought pursuant to statute by the appropriate government officer or agency and all of the statutory perquisites are met. *Id.* Since Plaintiff is not a state employee, the court's holding in *Middleton-Keirn* does not apply to her.

It is well established that an injury is only irreparable if "it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quoting *Interox Am. V. PPG Indust., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984)). In addition, "mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough." *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power* Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)). The fact that there is a likelihood of adequate compensatory relief available at a later stage

of litigation, should Plaintiff prevail, also "weighs heavily against a claim of irreparable harm." *Id.*

Since Plaintiff has failed to establish that she herself is likely to suffer irreparable injury—and that her alleged damages are completely incurable by monetary remedy—she has fallen short of convincing the Court to grant her requested preliminary injunction.

## IV. Conclusion

The Court, having found that Plaintiff has failed to carry her burden for the reasons set forth in this Order, hereby **DENIES** Plaintiff's motion for preliminary injunction.

Signed at Houston, Texas, this 28 day of September, 2022.

Andrew S. Hanen
United States District Judge