United States District Court
Southern District of Texas

**ENTERED**

August 21, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHANEL E.M. NICHOLSON,       §
      §
*Plaintiff,*       §
v.       §    CIVIL ACTION NO. 4:21-cv-2624
      §
W.L. YORK, INC. d/b/a COVER GIRLS, *et*       §
*al.,*       §
      §
*Defendants.*       §

## ORDER

Pending before the Court is Plaintiff Chanel E.M. Nicholson's ("Nicholson" or "Plaintiff")

Motion to Alter or Amend the Court's Grant of Defendants' Motion for Summary Judgment (Doc.

No. 71). Defendants D WG FM, Inc., d/b/a Splendor ("Splendor") and W.L. York, Inc., d/b/a

Cover Girls' ("Cover Girls") (collectively, "Defendants") responded in opposition (Doc. No. 72).

Having considered the briefs and applicable law, the Court hereby **DENIES** Plaintiff's motion.

### I.     Background

This case primarily involves alleged violations of 42 U.S.C. § 1981 based on racial

discrimination. Plaintiff is African American and was a dancer who performed at adult

entertainment clubs Centerfolds, Splendor, Cover Girls for varying periods of time between

September 2013 and November 2017. Plaintiff filed this lawsuit on August 12, 2021, asserting

various claims for unlawful and intentional racial discrimination under § 1981 against Centerfolds,

Splendor, Cover Girls, and individuals Ali Davari and Hassan Davari, who allegedly owned the

clubs. After amending her complaint several times, Plaintiff's Third Amended Complaint asserted

causes of action for breach of contract and discrimination under § 1981. In response to Plaintiff's

Third Amended Complaint, Defendants filed their Fourth Motion to Dismiss (Doc. No. 48).

1

This Court granted in part and denied in part Defendants' motion (Doc. No. 51). In that Order, the Court dismissed all of Plaintiff's claims as they pertained to Centerfolds, Ali Davari, and Hassan Davari for failure to state a claim and her § 1981 claims because they were barred by the applicable statute of limitations. (*Id.*). Of Plaintiff's remaining claims, the Court found that Plaintiff plausibly alleged: (1) a § 1981 claim against Cover Girls from when she was "barred" from the club in November 2017, (2) a breach of contract claim against Cover Girls from November 2017, and (3) a § 1981 failure to hire claim against Splendor from 2021. (*Id.* at 21).

Defendants then filed a Motion for Summary Judgment as to Plaintiff's three remaining claims that survived their Motion to Dismiss. (Doc. No. 61). Specifically, Defendants contended that all three of Plaintiff's claims are time barred or fail on the merits. (*Id.*). The Court granted Defendants' Motion for Summary Judgment in its entirety, dismissed the case with prejudice, and entered a Final Judgment (Doc. Nos. 68, 69).

Plaintiff subsequently filed this Motion to Alter or Amend the Court's Grant of Defendants' Motion for Summary Judgment under Rule 59(e). (Doc. No. 72). Defendants responded in opposition (Doc. No.73).

## II.      Legal Standard

Rule 59(e) motions call into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). The Fifth Circuit has repeatedly held that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or

2

fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th

Cir.1989) (internal quotations omitted).

## III.   Analysis

Plaintiff has raised insufficient grounds for reconsideration. Plaintiff does not even attempt

to bring new arguments or to argue that she has newly discovered evidence that warrants

reconsideration from this Court. Instead, in her motion, she attempts to relitigate two issues already

decided by this Court: (1) whether her § 1981 claims against Splendor and Cover Girls are barred

by the statute of limitations; and (2) whether her breach of contract claim against Cover Girls is

barred by the statute of limitations.

As to her § 1981 claims, Plaintiff rehashes—for the third time—identical arguments that

this Court already rejected in its Order on Defendants' Motion to Dismiss (Doc. No. 51 at 4) and

in its Order on Defendants' Motion for Summary Judgment (Doc. No. 68 at 9). Specifically,

Plaintiff cites *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) and contends that

her claims against Splendor and Cover Girls are not barred by the statute of limitations because

"discrete acts of discrimination" occurred within the limitations period. This Court, as stated

already, has already rejected Plaintiff's exact argument twice, most recently in its Order on

Defendants' Motion for Summary Judgment. It held:

> Plaintiff also argues that her claim against Splendor is not time barred
> under because being turned away in 2021 tolls the statute of limitations
> constitutes a "discrete and egregious discriminatory act" under the
> continuing violations doctrine, which would start a new limitations clock
> for filing charges alleging that act. (Doc. No. 62 at 3); *Nat'l R. R.
> Passenger Corp.*, 536 U.S. at 11. Plaintiff, however, is recycling
> arguments that this Court already found inapplicable in its Order on the
> Motion to Dismiss. As discussed in that Order, the continuing violations
> doctrine "has since been limited by the United States Supreme Court to
> apply only to § 1981 claims alleging a hostile work environment." (Doc.
> No. 51 at 14). Since Plaintiff has not pleaded a cause of action alleging a
> hostile work environment, this doctrine does not apply to Plaintiff's

3

remaining claim against Splendor. Moreover, given that Plaintiff avers that she was never terminated from Splendor and the original LAA remained in force when she revisited the club in 2021, being turned away in 2021 was no different than the first time she was denied access in September 2014—when Plaintiff could be charged with knowledge of the allegedly discriminatory act. Thus, her § 1981 claim against Splendor accrued in approximately September 2014 and is time barred.

(Order on Defendants' Motion for Summary Judgment, Doc. No. 68 at 9).

Plaintiff has no new legal arguments and no new evidence to challenge the correctness of the Court's judgment as to her § 1981 claims. Given that the Court has already addressed these exact arguments not once, but twice, the Court rejects Plaintiff's attempt to relitigate the issue for a third time in the absence of any reason to reconsider its previous findings.

Plaintiff also has no new legal arguments, no new evidence, and makes no attempt to adhere to the Rule 59(e) standard challenging the correctness of the Court's finding that her breach of contract claim against Cover Girls is time barred. This Court already held that Plaintiff's breach of contract claim was barred by the applicable statute of limitations. (Doc. No. 68 at 10-13). In short, Plaintiff, without any new evidence or legal arguments, is attempting to relitigate another argument that has already been decided—and rejected—by this Court. Thus, the Court sees no need to address Plaintiff's arguments again.

Accordingly, Plaintiff has failed to show that she has newly discovered evidence and failed to assert any grounds that would challenge the correctness of the judgment under Rule 59(e). Thus, Plaintiff's Motion for Reconsideration is hereby denied.

4

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration. (Doc. No. 71).

Signed this 21st day of August, 2023.

Andrew S. Hanen
United States District Judge

5